UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOANY ZAMORA, *et al.*            CIVIL ACTION

VERSUS            NO. 21-1060

EQUILON ENTERPRISES, LLC, *et al.*            SECTION M (3)

## ORDER & REASONS

Before the Court is a motion by plaintiffs Joany Zamora, Angelica Davila, and Juan Trinidad (collectively, "Plaintiffs") to remand this matter to the 29th Judicial District Court, Parish of St. Charles, State of Louisiana.[1] Plaintiffs, who are all Louisiana citizens, argue that there were procedural defects in the removal and that this Court lacks diversity subject-matter jurisdiction under 28 U.S.C. § 1332 because they have stated a valid claim against defendant Turner Industries Group, LLC ("Turner"), which is also a Louisiana citizen.[2] Defendant Equilon Enterprises, LLC ("Equilon") responds in opposition arguing that the removal procedure was proper and that Turner's citizenship is irrelevant for jurisdictional purposes because Turner was improperly joined due to Plaintiffs' inability to state a valid claim against Turner.[3] Plaintiffs reply in further support of their motion,[4] and Equilon filed a surreply in further opposition.[5] Having considered the parties' memoranda, the record, and the applicable law, the Court grants Plaintiffs' motion to remand.

---

[1] R. Doc. 6.
[2] R. Doc. 6-1.
[3] R. Doc. 9. Plaintiffs assert that Equilon waived improper joinder as a basis for removal because this ground was omitted from its notice of removal and the 30-day removal period closed before the ground was urged. R. Doc. 13 at 1, 3-5 (citing, *inter alia*, *Martinez v. Lone Star Indus., Inc.*, 2005 WL 2050294, at *2 (E.D. La. Aug. 16, 2005)). The Court need not address this substantial argument because it remands the case even considering the question of improper joinder.
[4] R. Doc. 13.
[5] R. Doc. 21.

Plaintiffs filed this suit in state court against Equilon and Turner seeking damages for injuries Zamora and Trinidad allegedly sustained as a result of an industrial accident that occurred at the Shell Norco facility on December 10, 2019.[6]  Before Turner was served, Equilon removed this case to this Court where Plaintiffs already had two actions pending against Equilon for the same accident: (1) *Juan Trinidad v. Equilon Enterprises, LLC*, Civil Action No. 20-3100, and (2) *Joany Zamora, et al. v. Equilon Enterprises, LLC*, Civil Action No. 20-3126 (together, the "consolidated actions").[7]  During the pendency of this motion to remand, the magistrate judge was considering Plaintiffs' motion to amend the complaint in the consolidated actions to add Turner as a defendant to state the same claims that Plaintiffs raise against it in this case.[8]  In opposing the motion to amend, Equilon argued that Plaintiffs did not have valid claims against Turner for the same reasons it argues here.[9]  This Court has reviewed the magistrate judge's thorough Order & Reasons concluding that Equilon did not carry its heavy burden of showing there is no possibility that Plaintiffs can state a plausible claim against Turner and agrees with her analysis.[10]  Thus, because the presence of Turner as a defendant defeats complete diversity of citizenship, this Court lacks subject-matter jurisdiction over this action, and it must be remanded.[11]

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand (R. Doc. 6) is GRANTED, and this matter is REMANDED to the 29th Judicial District Court, Parish of St. Charles, State of Louisiana. The Court denies Plaintiffs' request for an award of fees and costs for the removal.

---

[6] R. Doc. 1-1.
[7] R. Doc. 1.
[8] *See* C/A No. 20-3100, c/w C/A No. 20-3126, R. Doc. 62 (citing R. Docs. 33, 43, 50, 56 & 61).
[9] *Id.*
[10] *Id.*
[11] Because this Court lacks subject-matter jurisdiction, it need not reach the question of the alleged procedural defect in the removal.  However, the Court has much doubt whether Turner's service status has any bearing on the lack of diversity between the named parties to the suit at the time of removal.  This is simply not a "snap removal"/forum-defendant rule case.

New Orleans, Louisiana, this 19th day of August, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE